UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **FRANK MITCHELL PRINCE,** }<br>**#100016,** }<br> }<br>    **Plaintiff,** }<br> }<br>**v.** }<br> }<br>**BILLY MITCHEM; THE** }<br>**ATTORNEY GENERAL OF THE** }<br>**STATE OF ALABAMA,** }<br> }<br>    **Defendants.** } | **CASE NO. 4:10-cv-260-SLB** |

## MEMORANDUM OPINION

This case is before the court on the Petition for Writ of Habeas Corpus filed by petitioner Frank Mitchell Prince ("petitioner"). (Doc. 1.)[1] Upon consideration of the record, the court is of the opinion that the Petition is due to be denied.

### I. BACKGROUND

On December 12, 1994, petitioner pled guilty to first-degree attempted assault in the Circuit Court of Marshall County, Alabama. (Doc. 1 at 2.) He was sentenced to a prison term of twenty years on the same day. (*Id*.)[2] Petitioner did not appeal his conviction or

---

[1] Reference to a document number, ["Doc. __"], refers to the number assigned to each document as it is filed in the court's record.

[2] The State has not appeared in this action; therefore, there is no record from the state court proceedings providing the relevant dates in petitioner's case. While his Petition states that petitioner's judgment of conviction was on December 12, 1994, (doc. 1 at 2), there is no indication as to whether he was actually sentenced on that date. However, a search in Alacourt, Alabama's online access to public trial court records, under petitioner's case number (CC-1993-000170.60), reveals that he was also sentenced on December 12, 2004, and the court takes

sentence, but he did file a petition for writ of mandamus, which was denied by the Alabama Court of Criminal Appeals on September 25, 1996. *See Ex parte Prince*, 689 So. 2d 1025 (Ala. Crim. App. 1996). Petitioner also filed two state post-conviction petitions with respect to his conviction in Marshall County Circuit Court. (Doc. 1 at 3.) The first post-conviction petition appears to have been filed in 2004 in the Marshall County Circuit Court, (*id.*),[3] and was brought pursuant to Alabama Rule of Criminal Procedure 32,[4] (*id*). It asserted that the trial court lacked jurisdiction and that the grand jury was empaneled from two separate districts. (*Id.*) This petition was denied, (*id.*), and the Alabama Court of Criminal Appeals affirmed the denial of relief on May 20, 2005. *See Prince v. State*, 926 So. 2d 1089 (Ala.

---

judicial notice of this fact. *See* Alacourt, *U.S. Court of Appeals Library*, https://v2.alacourt.com/ (last visited Oct. 5, 2012).

[3] The Petition lists the date this first state petition was denied as "unknown," and it does not list the filing date. A second search of petitioner's case (CC-1993-000170.60) on Alacourt reveals a date of filing in 2004. *See* Alacourt, *supra*. However, it is not entirely clear whether the date of filing was in 2003 or 2004, because the court has uncovered some documents that were filed in petitioner's case indicating that he filed his first petition in 2003. Regardless of whether petitioner filed his first petition in 2003 or 2004, it is not material because his claim would be time-barred in either scenario. Therefore, the court takes judicial notice of the fact that his first state court petition was filed in either 2003 or 2004. Because Petitioner's claim became final on April 24, 1997, one year from when the AEDPA was enacted, (*see* doc. 6 at 3), the AEDPA statute of limitations had run before Petitioner ever filed his first state post-conviction petition, (*see id.* at 3-4). Moreover, even if Petitioner's time for filing had tolled while his writ of mandamus was pending, it would have run as of September 25, 1997, one year from the date that the writ was denied. *See Ex parte Prince*, 689 So. 2d at 1025.

[4] Rule 32 is Alabama's "procedural mechanism" for seeking post-conviction relief. *Arthur v. State*, 820 So. 2d 886, 890 (Ala. Crim. App. 2001) (citations omitted) ("While in the nature of a writ of habeas corpus, Rule 32 is, in fact, a procedural mechanism for seeking post-conviction relief and is promulgated under the rule making authority of the Alabama Supreme Court." (citations omitted)).

Crim. App. 2005). Prince's second post-conviction petition, filed in September of 2008,[5] and also brought pursuant to Rule 32, raised the following grounds: the trial court lacked jurisdiction; no indictment existed, and, therefore, petitioner was never indicted; petitioner did not waive arraignment; and petitioner was denied counsel at arraignment. (Doc. 1 at 3.) The second petition was denied "sometime [in] 2009," (*id.*), and the Alabama Court of Criminal Appeals affirmed the denial of relief on September 25, 2009. *See Prince v. State*, 57 So. 3d 211 (Ala. Crim. App. 2009).

On February 1, 2010, petitioner executed the instant Petition, which the Clerk of the Court received on February 3, 2010. (Doc. 1 at 1.) The Petition alleges that, at the time of his guilty plea, the trial court lacked jurisdiction; no indictment existed, and, therefore, petitioner was not indicted; he did not waive arraignment; he was not properly arraigned; he did not have counsel during arraignment; and, he did not waive any of his rights. (*Id*. at 4-5, 7-8.) This matter was initially assigned to the Honorable Magistrate Judge John E. Ott. Judge Ott entered a Report and Recommendation finding that the instant Petition was barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEPDA") statute of limitations, and that equitable tolling was unwarranted. (*See* doc. 6); 28 U.S.C. § 2244(d). The matter was then reassigned to the undersigned for all further proceedings. (Doc. 7.) Petitioner filed a lengthy Objection to the Report and Recommendation, (doc. 8), the merits of which will be addressed herein.

---

[5] Again, the court takes judicial notice of this fact from the records in petitioner's case (CC-1993-000170.61) on Alacourt. *See* Alacourt, *supra*.

## II.  DISCUSSION

Petitioner objects to the findings in the Report and Recommendation on the following grounds:

1. Under *Wood v. Allen*, 558 U.S. 290, 130 S. Ct. 841 (2010), petitioner is entitled to further review of his claims, (doc. 8 at 2-3, 8-9, 10, 16);

2. Petitioner is entitled to "a full and fair plenary review" based upon the doctrine and principles of equitable tolling, (*id.* at 2, 5-6, 16);

3. Because his claims involved challenges to the state court's underlying jurisdiction, remand should be ordered to require the state court to review his claims, (*id.* at 3-5, 8-10, 15);

4. The state court wrongfully dismissed his second post-conviction petition as an improper successive petition, (*id.* at 5, 11-12);

5. Petitioner is entitled to relief ("reverse and remand to the State court for a new evidentiary hearing," (*id.* at 2)) because the state court never provided him with a "substantive evidentiary hearing under clearly established federal law," (*id.* at 6);

6. He was deprived of due process of law under the Fifth and Fourteenth Amendments, (*id.* at 7);

7. Under *McCleskey v. Zant*, 499 U.S. 467 (1991), his claims are entitled to further review, (*id.* at 13-15).

1. **Application of** *Wood v. Allen*

To the extent that petitioner relies on *Wood v. Allen* for the proposition that his petition is entitled to federal review, his argument is misplaced. In *Wood*, a capital defendant sought federal habeas relief under 28 U.S.C. § 2254,[6] challenging an allegedly unreasonable factual determination made by the Alabama state court that denied his petition for post-conviction relief under Alabama Rule of Criminal Procedure 32. 130 S. Ct. at 846-48. The prisoner originally brought a constitutional ineffective assistance of counsel claim under *Strickland v. Washington*, 455 U.S. 668 (1984), in an Alabama state post-conviction proceeding. *Id.* at 845-46. The state court concluded that the prisoner's counsel had not been deficient under *Strickland*, but rather had made a strategic decision not to present certain evidence during the penalty phase of his trial. *Id.* at 846. On a federal habeas petition before the Supreme Court, the prisoner argued that the state court's conclusion was an unreasonable determination of the facts under § 2254(d)(2). *Id.* at 848. The Supreme Court held that it had not been an unreasonable determination of the facts to conclude that counsel

---

[6] The relevant provisions, 28 U.S.C. § 2254(d)(1) and (d)(2), provide:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

had made a strategic decision. *See id.* at 850 ("[E]ven if it is debatable, it is not unreasonable . . . ."). In addition, it refused to address the question of whether the state court had unreasonably applied *Strickland* under § 2254(d)(1), stating that "[w]hether the state court reasonably determined that there was a strategic decision under § 2254(d)(2) is a different question from whether the . . . application of *Strickland* was reasonable under § 2254(d)(1). *Id.* at 851.

It is somewhat understandable that petitioner would attempt to rely on *Wood* because the procedural posture of the case is similar to his own: the prisoner in *Wood* filed a petition pursuant to § 2254, challenging an Alabama state court's decision under Alabama Rule 32. However, the similarities stop there. As both the Magistrate Judge's Order, (doc. 4), and Report and Recommendation, (doc. 6), made clear, the real question presented in petitioner's case at this point is whether his federal petition for habeas corpus is timely under the provisions set forth in the AEDPA. *See* 28 U.S.C. § 2244(d).[7] *Wood* did not address the

---

[7] 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

6

AEDPA statute of limitations, and it is therefore not applicable to petitioner's case.

Moreover, even if timeliness were not an issue in this case, petitioner would not be able to rely on *Wood* for his claims. Petitioner's reliance on *Wood* rests on his argument that the state court's exercise of jurisdiction over his claims was "unreasonable," because under Alabama law, a court cannot exercise jurisdiction over a case in which there was no indictment. (Doc. 8 at 2-3, 6.) He also asserts in his Objection that the state court's determination was "contrary to [] clearly established federal law." (Doc. 8 at 16.) After reviewing these arguments, it is apparent that in reality, petitioner is claiming that the Alabama court misapplied the law to his case, which is a claim that would fall under § 2254(d)(1). Because the Supreme Court specifically chose not to address arguments under § 2254(d)(1) in *Wood*, petitioner's reliance on it is misguided.[8]

In addition, petitioner also alleges that the Magistrate Judge's Report and Recommendation was "unreasonable" because it did not find his circumstances sufficiently extraordinary to warrant equitable tolling. (Doc. 8 at 16.) Though a finding of due diligence

---

    and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

 [8] It is also worth noting that petitioner begins his Objection by stating that "Prince maintains that for the most part the factual background in the procedural history, seemingly remains somewhat on point," (doc. 8 at 1), indicating he does not truly dispute any factual determinations made by the state court.

and extraordinary circumstances for purposes of tolling under the AEDPA statute of limitations is indeed a question of fact, *see Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286-87 (11th Cir. 2002), the AEDPA standards discussed in *Wood* apply only to a federal court's review of state court determinations. *See* § 2254(d)(2) (stating a federal habeas court reviewing a state court judgment may only grant relief if the state court decided the case based on an unreasonable determination of the facts); *see also Wood*, 130 S. Ct. at 845 ("The Antiterrorism and Effective Death Penalty Act of 1996 contains two provisions governing federal-court review of *state-court* factual findings." (emphasis added)).  They do not apply to a federal district court's review of a magistrate judge's findings.  *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").  As discussed below, this court has independently reviewed the record in this action, agrees with, and therefore adopts the Magistrate Judge's Report and Recommendation.

### 2.  Equitable Tolling

Petitioner's contention that the statute of limitations prescribed by 28 U.S.C. § 2244(d) should be extended based on the doctrine of equitable tolling is similarly misplaced.  Judge Ott thoroughly addressed whether equities warranted the application of equitable tolling in his Report and Recommendation by stating, in pertinent part, as follows:

> Upon an examination of the facts presented herein, the court does not find that the petitioner's circumstances are sufficiently "extraordinary" to warrant equitable tolling.  He asserts that he should receive such assistance because he tried numerous times over the last ten to fifteen years

>  (approximately 100-150 times) to obtain a copy of the alleged indictment in the underlying State action to no avail. (Doc. 5). The court finds that his inability to obtain a copy of the indictment, which he asserts does not exist, does not excuse his failure to timely file a federal habeas corpus petition for relief.
>
>  "The petitioner has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time. *Akins* [*v. United States*], 204 F.3d [1086] at 1090 [(11th Cir. 2000)]." *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002). This he has failed to do. Therefore, he is entitled to no relief via this contention to the extent it is raised in his pleadings.

(Doc. 6 at 6-7 [footnote omitted].) The court agrees with the Report and Recommendation that petitioner's failure to comply with the statutory deadline for seeking habeas relief was not the result of "extraordinary circumstances." Petitioner's argument in his Objection focuses primarily on the errors made by the Alabama state court in applying its own law, (*see* doc. 8); as a result, he does not even fully address why tolling should be permissible, other than to claim that he acted with "due diligence" in attempting to get a copy of his indictment from the State. (Doc. 8 at 5-6.) Moreover, as the Report and Recommendation specifically observed, petitioner's alleged inability to obtain a copy of his indictment did not excuse, nor did it effectively preclude him, from filing the instant petition within the applicable limitations period to challenge his conviction. *See, e.g.*, *Davis v. Sec'y, Dept. of Corr.*, 809-CV-702-T-30MAP, 2009 WL 4730548, at *1-2 (M.D. Fla. Dec. 7, 2009) (noting that the factual predicate of the claim regarding a defective indictment was "known or should have been known to petitioner before his conviction and sentence became final," making his

9

petition untimely). Therefore, petitioner is not entitled to equitable tolling of the AEDPA one-year statute of limitations. *Cf. Spottsville v. Terry*, 476 F.3d 1241, 1245-46 (11th Cir. 2007) (finding extraordinary circumstances and allowing equitable tolling in federal habeas case where state affirmatively misled the defendant as to filing instructions).

### 3. State Court Challenges

Petitioner's next three objections: (1) that his challenges involve state law jurisdictional claims, (2) that his petition was a proper successive petition, and (3) that he was never afforded an evidentiary hearing are also without merit. These three arguments are closely related. Petitioner essentially claims the state court wrongfully dismissed his second petition as opposed to affording him the evidentiary hearing to which he was entitled under state law, where he would have attempted to prove that there had been no indictment, and therefore, that the state court lacked jurisdiction. (*See* doc. 8.) Furthermore, all three arguments are related on a broader scale because they all contend that an Alabama court erred in applying Alabama state law. Expanding upon these state law claims in his Opposition, petitioner further alleges that his petition cannot be barred by the AEDPA statute of limitations because state jurisdictional claims can never be barred by a statute of limitations. (Doc. 8 at 3-5.) In short, none of these arguments, grounded in state law, affect the application of 28 U.S.C. § 2244(d) as a statutory bar to the instant litigation. *See, e.g.*, *Farris v. Forniss*, No. 3:10-CV-270-MEF, 2012 WL 1533866, at *3 (M.D. Ala. Apr. 2, 2012) ("Whether or not petitioner has asserted a valid challenge to the state court's

jurisdiction, neither the limitations statute *nor federal case law* makes an exception for alleged jurisdictional issues arising under *state law*."); *Davis*, 2009 WL 4730548, at *1 ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective.").

Moreover, even if this case were timely, federal courts generally will not review a state court's decision based upon its own state law. Though federal courts may determine the constitutionality of state laws, state courts are the final interpreters of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citations omitted)). As such, petitioner's claims that an Alabama court erred in applying Alabama state law are barred by the AEDPA statute of limitations; however, even if they were not, they would not be reviewable by this court on a federal habeas petition.

**4. Due Process Claim**

Though his argument is not entirely clear, to the extent petitioner claims that his alleged lack of indictment and waiver of arraignment violates the Due Process Clause, (*see* doc. 8 at 7), this claim is also time-barred. As just discussed, federal courts may review

federal constitutional claims (though only under the strict limits of the AEDPA on federal habeas); however, they cannot review claims on federal habeas once they are time-barred. *See* § 2244(d); *Daniels v. United States*, 532 U.S. 374, 381 (2001) ("Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. . . . These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations . . . limit access to review on the merits of a constitutional claim."). The very purpose of the AEDPA statute of limitations is to bring some level of finality to the post-conviction process. *See Day v. McDonough*, 547 U.S. 198, 205-06 (2006) ("The AEDPA statute of limitation promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)). This purpose would not be served if petitioner's claim were able to continue after the applicable statute of limitations; therefore, petitioner's due process claim is time-barred under the AEDPA.[9]

---

[9] In addition, aside from the timeliness issue, when a state court clearly disposes of a case for state law reasons, a federal court typically will not review an accompanying federal claim if the state court's decision was based on adequate and independent state law grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (holding that adequate and independent state law doctrine precludes review of federal claims on federal habeas, whether the state law is substantive or procedural). This doctrine could potentially apply to petitioner's case; however, given the court's lack of information regarding the proceedings below, and the fact that petitioner's claims are clearly barred by the statute of limitations, the court need not address the issue at this point.

### 5.  Application of *McCleskey v. Zant*

Finally, to the extent petitioner relies on *McCleskey v. Zant*, 499 U.S. 467 (1991), in support of his claim that he is entitled to federal review, this argument is also misplaced. *McClesky* was a case involving successive federal petitions, where the prisoner filed a post-conviction petition in Georgia state court,  499 U.S. at 472, then went on to file two habeas corpus petitions in a federal district court, *id.* at 472-74.  The question the Supreme Court addressed was whether the second federal habeas petition constituted "abuse of the writ" so that the claims it presented could not be entertained by a federal court.  *Id.* at 470.  The Court held that filing the successive petition did constitute abuse of the writ, *id.*, and it set forth a new standard for what a federal habeas petitioner would have to prove in order for a federal court to entertain the claims in a successive petition, *id.* at 493-96 ("The cause and prejudice analysis we have adopted for cases of procedural default applies to an abuse-of-the-writ inquiry . . . .").

Accordingly, the issues that were addressed in *McCleskey* are not the same as those presented in this case.  As discussed earlier, the question presented here is whether the federal petition is timely, and as a natural extension of that, whether petitioner is entitled to equitable tolling.  Because *McCleskey* only addressed the standard that a federal habeas petitioner must meet in order to bring a successive petition in federal court, which petitioner has not attempted to do in this case, it is not applicable here.  Moreover, *McCleskey* was decided before the enactment of the AEDPA in 1996, which implemented the one-year

statute of limitations. *See* § 2244(d)(1). Therefore, even if *McCleskey* were applicable,[10] this case would still be barred by the statute of limitations. *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (denying consideration of the merits of the petitioner's claim because statutory and equitable tolling did not apply, and therefore, his petition was barred by the AEDPA statute of limitations).

### III.  CONCLUSION

Petitioner has offered nothing that permits this court to ignore the applicable one-year statute of limitations. *See* § 2244(d)(1). Therefore, his action is time-barred, and he is entitled to no further review. *See Duncan v. Walker*, 533 U.S. 167, 168 (2001) (addressing AEDPA one-year limitation period and observing the "AEDPA's purpose to further the principles of comity, finality, and federalism"); *Johnson v. United States*, 340 F.3d 1219, 1224 (11th Cir. 2003) *aff'd*, 544 U.S. 295 (2005) ("It is generally accepted that one of the principal functions of AEDPA was to ensure a greater degree of finality for convictions."); *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) ("A fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings.")

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and has reached an independent conclusion that the

---

[10] In reality, even aside from the statute of limitations*, McCleskey* would not be applicable because the AEDPA also altered the standard for bringing a successive petition which *McCleskey* had adopted. *See Gonzalez v. Sec'y for Dept. of Corr.*, 366 F.3d 1253, 1269 (11th Cir. 2004) *aff'd sub nom*, *Gonzalez v. Crosby*, 545 U.S. 524 (2005) (discussing the evolution "toward greater finality of judgments through increasingly tight restrictions on . . . successive petitions" and noting the AEDPA's shift from *McCleskey*).

14

Magistrate Judge's Report and Recommendation is due to be adopted and approved with the above findings. Therefore, the court hereby adopts and approves the findings and Recommendation of the Magistrate Judge. The writ of habeas corpus is time-barred and due to be denied. An appropriate order will be entered.

**DONE**, this 20th day of November, 2012.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE